UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

PHILLIP K. ADAMS,

Petitioner,

v.

HOYT A. BRILL, and
JON E. LITSCHER,

Respondents.

Civil No. 00-755 (MJD/ESS)

**ORDER**

On March 27, 2000, Petitioner, a prisoner of the State of Wisconsin, filed a petition for a writ of habeas corpus, challenging the legality of his incarceration at the Prairie Correctional Facility, ("PCF"), in Appleton, Minnesota. [Docket No. 1]. The Court issued an Order To Show Cause on April 14, 2000, directing the named Respondent, Warden Hoyt Brill, to file a response to the petition and explain why the writ should not be granted. [Docket No. 8].

On May 4, 2000, Respondent filed three motions in response to the Order to Show Cause: (1) a motion to substitute Jon E. Litscher as the named respondent in this action, [Docket No. 10], (2) a motion to dismiss the petition, [Docket No. 12], and (3) a motion to stay the filing of a complete return to the petition until after the motion to dismiss is resolved, [Docket No. 11]. In response, Petitioner has filed a response opposing Defendant's motion for substitution of respondent. [Docket No. 7].

Before the docket in this case becomes any more cluttered and confusing, the Court will address the various motions that are currently pending before it.

A. Motion To Stay Return and Motion To Dismiss

In lieu of filing a comprehensive return to the petition, Respondent has filed a motion to

FILED MAY 22 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ________
DEPUTY CLERK ________

seeking to have it dismissed. Respondent's motion to dismiss was accompanied by a "Motion To Stay Return," asking for permission to delay the filing of a more complete return until after the Court has ruled on the motion to dismiss. Respondent's motion to dismiss, and the memorandum offered in support of that motion, [Docket No. 13], raise a number of potentially meritorious defenses to the petition. The Court finds that the defenses raised in the motion to dismiss should be addressed before any further response to the petition is required. Therefore, Respondent's motion to stay will be granted, and Respondent's motion to dismiss will be addressed in due course.

B. Motion To Substitute Respondent

Respondent has filed another motion suggesting that Jon E. Litscher should replace Hoyt Brill as the named respondent in this case. Litscher is the Secretary of the Wisconsin Department of Corrections, and Brill is the Warden at PCF. Petitioner has opposed Respondent's motion by filing "Petitioner's Response to Respondent's Consent for Substitution of Respondent. " [Docket No. 7].

Federal case law consistently indicates that the proper respondent in a habeas corpus proceeding normally will be the warden at the facility where the petitioner is confined. See McCoy v. U.S. Board of Parole, 537 F.2d 962, 964 (8th Cir. 1976) ("[t]he custodian is, in most circumstances, the warden [or] chief administrative official of the correctional institution in which the petitioner is incarcerated"). Following that general rule here, the Court will not allow Jon E. Litscher to replace Hoyt Brill as the named Respondent. However, Litscher probably qualifies as Petitioner's legal "custodian," (at least in some sense), and he undoubtedly has an interest in these proceedings. Litscher apparently is responsible for housing individuals who have received prison sentences in Wisconsin state court proceedings, and he apparently is the

individual who is ultimately responsible for the prison transfer that Petitioner is now challenging. Petitioner has not demonstrated that Litscher's appearance in this case will have any effect on the ultimate resolution of his habeas corpus claims. Habeas relief will be granted or denied based on the strength or weakness of Petitioner's legal position -- not the names that appear in the caption of his case. Therefore, the Court will order that Litscher become an additional respondent in this case, and that henceforth Brill and Litscher shall appear as co-respondents.[1]

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED that**:

1. Respondent's "Motion to Stay Return," [Docket No. 11], is **GRANTED;**

2. Respondent's "Motion to Substitute Jon E. Litscher As Respondent," [Docket No. 10], is **GRANTED IN PART AND DENIED IN PART**, and henceforth Hoyt Brill and Jon E. Litscher shall be deemed to be co-respondents in this matter;

Dated: May 22, 2000

E. S. SWEARINGEN
United States Magistrate Judge

---

[1] As a practical matter, the Court finds no reason to think that the final outcome of this case will be affected by who is named as the respondent.