**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

PHILLIP K. ADAMS,

Petitioner,

v.

HOYT BRILL, and
JON E. LITSCHER,

Respondents.

Civil No. 00-755 (MJD/ESS)

**REPORT AND RECOMMENDATION**

---

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner Phillip K. Adams' pro se application for habeas corpus relief under 28 U.S.C. § 2254 [Docket No. 1]. Respondents have filed two motions and supporting memorandum asking the Court to dismiss the petition [Docket Nos. 12, 13 and 17], and Petitioner has filed various exhibits and memoranda in support of his application for habeas corpus relief. [Docket Nos. 2, 3 and 7]. Petitioner has also filed a motion for a temporary restraining order. [Docket No. 4]. These proceedings have been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons stated below, it is recommended that the petition for writ of habeas corpus be dismissed with prejudice.

## I. BACKGROUND

On February 13, 1995, Petitioner was convicted in Dane County, Wisconsin, of "(party to a crime) possession of cocaine with intent to deliver;" a probation violation and battery to a police officer. Petitioner had entered a plea of "no contest" to these state criminal charges. He was sentenced to ten years in state prison. Petition, [Docket No. 1], at 2; Resp't. Mem. in Supp. Mot. to Dismiss, [Docket No. 13], at 2. Petitioner began serving his prison sentence in facilities that were located in Wisconsin and operated by the Wisconsin Department of Corrections. At

FILED FEB 12 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

some point, however, Wisconsin prison officials decided to transfer Petitioner to the Prairie Correctional Facility, ("PCF"), in Appleton, Minnesota.

Petitioner is one of many Wisconsin prison inmates who have been transferred to out-of-state prison facilities in recent months. Because of overcrowding in its own facilities, the Wisconsin Department of Corrections has made contractual arrangements with institutions in other states to provide housing for Wisconsin inmates. PCF, a private prison operated by the Corrections Corporation of America, ("CCA"), is one of the facilities that has agreed to accept and house Wisconsin prisoners. Pursuant to 28 U.S.C. § 2254, Petitioner filed his present application for habeas corpus relief. He claims that the Warden at PCF, Hoyt Brill, cannot legally detain him and should be ordered to release him immediately. The petition does not list the grounds for the requested relief. However, a reading of Petitioner's supporting memoranda reveals that he is seeking immediate release from custody for the following reasons:

(1) The State of Wisconsin lacked legal authority to compel Petitioner out of state pursuant to a contract entered into by two states;

(2) Petitioner's transfer to PCF has deprived him of a constitutionally protected liberty interest without due process;

(3) Petitioner's transfer to PCF violates his right to due process because it is inconsistent with the sentencing judge's order that he be committed to "the Wisconsin Prison System;"and

(4) Petitioner's transfer to PCF constitutes an "extradition" to Minnesota, which was accomplished without due process and in violation of Article IV, Section 2, Clause 2 of the Constitution;[1]

---

[1] Article IV, Section 2, clause 2 of the Constitution states that: "A Person charged in any State with Treason, Felony, or other Crime who shall flee from Justice, and be found in another

For the reasons discussed below, the Court concludes that Petitioner is not entitled to habeas corpus relief on any of the grounds listed in his petition. It will therefore be recommended that this action be dismissed with prejudice.

## II. DISCUSSION

### A. Form Of Action

Respondents initially argue that habeas corpus relief is not available to Petitioner in this matter because he is not challenging the validity of his underlying Wisconsin state court conviction and/or sentence, nor is he is seeking relief for any "quantum changes in the level of his confinement." Respondents contend that Petitioner is challenging only the conditions of his confinement, which cannot be done in an action brought under the federal habeas corpus statutes, (28 U.S.C. §§ 2241-2255).

It is certainly true that a civil rights action, rather than a habeas corpus action, is the prescribed federal remedy for a prisoner who is challenging the conditions of his confinement rather than the fact or duration of his confinement. As explained by our Court of Appeals,

> "[c]laims challenging conditions of confinement or the method by which a sentence is being carried out may be asserted through a [42 U.S.C.] § 1983 cause of action. However, a state prisoner challenging the fact or duration of a sentence of imprisonment and seeking an earlier or speedier release has a federal remedy through habeas corpus and cannot bring a claim under § 1983."

Williams v. Hopkins, 130 F.3d 333, 336 (8th Cir.), cert. denied, 522 U.S. 1010 (1997) (emphasis added). Where the proper form of action -- habeas or civil rights -- is debatable, "[i]t is the substance of the relief sought which counts." Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam) (emphasis added).

---

State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime."

In this case, while Petitioner may be complaining about the conditions of his confinement, he is seeking no relief other than immediate release from custody. He has not requested money damages to compensate him for his allegedly wrongful transfer to PCF, nor has he requested injunctive or declaratory relief that would cause him to be returned to Wisconsin. Instead, he is challenging the very fact of his confinement, and he is seeking an expedited release from custody. Simply put, he wants the Warden at PCF to set him free immediately. The federal remedy for such a request is a writ of habeas corpus. Id. ("[t]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody"). Given the type of relief that Petitioner is seeking here, the Court concludes that he has properly presented his claims by way of a habeas corpus petition, rather than a civil rights complaint.

B. Exhaustion of State Court Remedies.

Respondents further contend that if Petitioner's claims can properly be brought in a habeas corpus petition, they must be summarily dismissed because he has not exhausted his available state court remedies. See 28 U.S.C. § 2254(b)and (c); O'Sullivan v. Boerckel, 119 S.Ct. 1728, 1731 (1999); Rose v. Lundy, 455 U.S. 509 (1982). Assuming there are state court remedies available to Petitioner, (as contended by Respondents[2]), the Court will not recommend that the instant petition be dismissed for non-exhaustion, for two reasons.

First, the Court is not fully satisfied that the exhaustion requirement is applicable here.

---

[2] For the most part, the remedies cited by Respondents are administrative remedies, rather than remedies available in the courts of the states. (See "Respondent's Brief In Support Of His Motion To Dismiss," [Docket No. 11], at pp. 9-10.) Respondents suggest that Petitioner could ask the state courts to conduct "certiorari review" of an adverse administrative agency decision, but it does not appear that such a remedy would be available to Petitioner at this time, because there is no formal administrative ruling for him to challenge. Thus, the Court questions whether Petitioner actually does have any state court remedies presently available to him.

Because Petitioner is not challenging the validity of any state court judgment, it may be most appropriate to construe his petition as one brought under 28 U.S.C. § 2241, rather than § 2254. See Montez v. McKinna, 208 F.3d 862, 864-65 (10th Cir. 2000) (describing § 2254 as the proper statutory basis for challenging the validity a state prisoner's conviction or sentence, and § 2241 as the proper statutory basis for challenging the execution of a sentence); see also Mem in Supp of Pet., [Docket No. 2], at 24 (Petitioner asserts he is pursuing relief under § 2241). If the instant petition is construed to be a § 2241 petition, then exhaustion of state court remedies may not be required, because § 2241 does not include an exhaustion clause comparable to § 2254(b).[3]

Furthermore, even if there are state court remedies available to Petitioner, the instant petition can still be properly adjudicated without exhaustion, pursuant to 28 U.S.C. § 2254(b)(2). That statute allows the Court to sidestep the exhaustion issue, if Petitioner's claims will be

---

[3] In Montez, the Court held that "[a] habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." 208 F.3d at 866. Although Montez cites three cases in support of this conclusion, none of the cited cases actually holds that exhaustion is necessary in § 2241 cases brought by state prison inmates. Two of the cases cited in Montez involved § 2254 petitions, rather than § 2241 petitions, and the third case involved a federal prisoner who was required to exhaust his federal administrative remedies – not his state court remedies.

Several courts have held that state pre-trial detainees must exhaust their state court remedies before seeking relief under § 2241. See Hirsch v. Smitley, 66 F.Supp.2d 985, 986 (E.D.Wis. 1999); Blanck v. Waukesha County, 48 F.Supp.2d 859, 860 (E.D.Wis. 1999); Moore v. DeYoung, 515 F.2d 437, 442 (3rd Cir. 1975); Neville v. Cavanagh, 611 F.2d 673, 675 (7th Cir. 1979), cert. denied, 446 U.S. 908 (1980). Those decisions, however, are based on abstention principles that would seem to apply only when a related state court case is still pending at the time when federal habeas corpus relief is sought under § 2241. Where a prisoner's § 2241 claims are wholly independent of any pending state court proceedings, (which appears to be the case here), exhaustion presumably would not be mandated by abstention principles.

Thus, the Court has found no legal authority, (aside from Montez), indicating that a state prisoner must exhaust available state court remedies before filing a § 2241 petition challenging only the manner in which his sentence is being executed.

rejected on the merits in any event.[4] Because the Court does indeed conclude that Petitioner's claims must be denied on the merits, (for reasons discussed immediately below), this case need not be, and will not be, dismissed for non-exhaustion.

C. The Merits of Petitioner's Claims

**(i) Alleged failure to comply with extradition laws**

Petitioner argues that his current confinement is illegal because his transfer to PCF constitutes an extradition from Wisconsin to Minnesota, which was accomplished without following applicable state and federal extradition laws. He contends that Minnesota never issued a valid warrant of extradition; that there are no criminal charges pending against him in Minnesota; and that Wisconsin sent him to this state without affording him the protections guaranteed by state law and the due process clause of the federal Constitution.

This argument is clearly without merit, because it is based on the wholly erroneous premise that Petitioner was "extradited" to Minnesota. Extradition is the process by which one state seeks custody of a person found in another state in order to prosecute or punish the person for a crime.[5] Petitioner was not "extradited" to Minnesota, because the State of Minnesota did

---

[4] 28 U.S.C. § 2254(b)(2) provides that "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the states." Section 2241 does not expressly include a provision similar to § 2254(b)(2) -- which is not surprising, given that § 2241 does not expressly include an exhaustion requirement. Nevertheless, if exhaustion of state court remedies is required under § 2241, the Court believes that a petition brought under that statute can properly be considered and denied on the merits without exhaustion, (provided no federal abstention principles are implicated), just as permitted by § 2254(b)(2). See Montez, 208 F.3d at 866 (applying § 2254(b)(2) in a case construed to be a § 2241 action).

[5] Black's Law Dictionary defines "extradition" as "[t]he surrender by one state or country to another of an individual accused or convicted of an offense outside its own territory and within the territorial jurisdiction of the other, which, being competent to try and punish him, demands the surrender."

not ask Wisconsin to send him here to face criminal charges, to fulfill a judgment entered by a Minnesota court, or for any other reason. Because Petitioner was not extradited to Minnesota, he was not entitled to the procedural protections of state and/or federal extradition laws before being transferred to PCF. Thus, the Court finds Petitioner's first ground for relief to be clearly without merit.

**(ii) Alleged denial of liberty interest without due process**

Petitioner argues that his confinement at PCF "is in violation of his constitutional rights as set forth [in his petition]." Mem. in Supp. of Pet. at 32. The Court will construe this as a claim that Petitioner has been deprived of some constitutionally protected liberty interest without due process of law. Petitioner certainly has been deprived of a protected liberty interest – that is obvious from the mere fact of his incarceration. He has failed to demonstrate, however, that he was deprived of his liberty without the benefit of due process. "[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution." Meachum v. Fano, 427 U.S. 215, 224 (1976). Petitioner has not identified any procedural deficiency in his state criminal prosecution, so the Court has no basis to conclude that he was deprived of his liberty (i.e., sent to prison) without being afforded due process.

Petitioner may also be claiming that he has been deprived of a protected liberty interest by reason of his transfer to an allegedly less desirable prison facility – namely PCF. If Petitioner is attempting to advance such a claim, however, it must be rejected for two reasons. First, prisoners do not have a liberty interest in being confined at any particular prison, and they can therefore be transferred to a less desirable facility without being afforded due process. "That life

in one prison is much more disagreeable than in another does not in itself signify that a Fourteenth Amendment liberty interest is implicated when a prisoner is transferred to the institution with the more severe rules." Id. at 225. Secondly, even if Petitioner were entitled to the benefits of due process before being transferred to another prison, the absence of due process would not invalidate his incarceration altogether. If he had been wrongly denied due process before being transferred, he might be entitled to money damages or some form of equitable relief, (presumably a transfer back to his former prison home), but he would not be entitled to the relief he is seeking here -- namely an outright release from custody.

Petitioner also alleges in his Memorandum in Support that the State of Wisconsin has somehow "lost jurisdiction" over him, by causing him to be transferred to an out-of-state prison. This argument might warrant greater discussion if Wisconsin had deliberately and voluntarily relinquished its authority to detain Petitioner. See e.g., Shields v. Beto, 370 F.2d 1003, 1005-06 (5th Cir. 1967) (State of Texas was barred, based on waiver, from re-asserting custody of prisoner after voluntarily surrendering him to Louisiana legal authorities and making no effort to re-establish custody until more than 28 years later). It is readily apparent, however, that Petitioner has never been released from custody by the State of Wisconsin. Although he happens to be serving his Wisconsin prison sentence outside the geographical boundaries of that state at this particular time, nothing in the record suggests that the Wisconsin Department of Corrections has relinquished its legal custody of Petitioner. See Blango v. Thornburgh, 942 F.2d 1487, 1491 (10th Cir. 1991) (District of Columbia did not waive jurisdiction over habeas petitioner by transferring him to a federal prison in Leavenworth, Kansas); Joyner v. Henman, 755 F.Supp. 982, 985 (D.Kan. 1991) ("there is no merit in petitioner's claim that the state of Pennsylvania lost all jurisdiction when it transferred him to USPL" [the U.S. Penitentiary in Leavenworth,

Kansas]).

Thus, upon carefully considering all of the claims that can be identified in Petitioner's second ground for relief, the Court can find no valid basis for issuing a writ of habeas corpus.

**(iii) Alleged denial of due process based on being sentenced to "The Wisconsin Prison System" – not the Department of Corrections**

Petitioner alleges that he is being held illegally in Minnesota. This claim is apparently based on language that appears in his judgment of conviction ordering the Sheriff to deliver Petitioner into the custody of the Wisconsin Department of Corrections. This means, according to Petitioner, that he can be confined only in a prison facility that is located in, and operated by, the State of Wisconsin. Petitioner claims that he was unconstitutionally deprived of his legal right to remain in a Wisconsin prison, (as allegedly mandated by his sentence and Wisconsin law), when he was sent to PCF without the benefit of due process.

This argument fails because it is based on a misinterpretation of his sentence and Wisconsin law. The Wisconsin Court of Appeals recently held that a Wisconsin judgment of conviction that sentences a defendant "to the Wisconsin state prisons" merely identifies "the initial place of imprisonment for those who receive sentences of more than one year, thereby differentiating sentences of less than one year, which 'shall be to the county jail.'" Evers v. Sullivan, No. 00-0127 (Wis.App. June 1, 2000), 2000 WL 705340 at ¶ 12. In other words, when a Wisconsin court sentences a defendant to state prison, it is merely indicating that the defendant will not be serving his sentence in a county jail. Evers, a Wisconsin appellate court decision interpreting Wisconsin sentencing procedures, clearly indicates that defendants who are sentenced to the Wisconsin prison system can properly be transferred to out-of-state facilities.

At least one Wisconsin federal court has likewise concluded that neither the language

used in a prisoner's sentence, nor state statutory law, gives a Wisconsin prisoner any vested interest in remaining in a Wisconsin state-operated prison facility. Lambert v. Sullivan, 35 F.Supp.2d 1131, 1132 (E.D.Wis. 1999).[6] That court further noted that even if an out-of-state prison transfer were inconsistent with state law, or the terms of a state sentence, an erroneous transfer could not be corrected in a federal habeas corpus proceeding. Id. ("it is well-established that violations of state law do not provide a basis for federal habeas relief[;] [s]uch violations must be remedied, if at all, in the state courts").

In sum, under Wisconsin law, as interpreted by the Wisconsin state and federal courts, Petitioner was not legally mandated to serve his prison term only in a state-operated prison. He therefore had no state-created liberty interest in remaining in a Wisconsin prison, and it was permissible to transfer him to an out-of-state prison without first affording him due process.

**(iv) Alleged lacked of legal authority for the State of Wisconsin to compel Petitioner out-of-state pursuant to a contract**

---

[6] Lambert was brought by a Wisconsin state prison inmate who did not want to be transferred to a private prison in another state. His request for federal habeas corpus relief, and the Court's reasons for denying that request, were summarized as follows:

> "Lambert argues that his proposed transfer violates Wisconsin state law because, under that law, he was committed – and is entitled to remain committed – to the custody of the 'Wisconsin State Prisons.' He claims he was never committed to the custody of the so-called 'Wisconsin Department of Corrections' ('DOC') and that any attempt by that entity to transfer him to a facility which is not a 'Wisconsin State Prison' violates both his sentence and Wis.Stat. § 301.21(2m)(a). [Footnote omitted.] Lambert's reliance upon an alleged distinction between the 'Wisconsin State Prisons' and the 'Wisconsin Department of Corrections,' and the legal consequences which flow from the proposed distinction, is excessively literal and finds no support in the relevant statutes."

35 F.Supp.2d at 1132. The claim brought in Lambert is indistinguishable from the one presented here, and this Court finds no reason to deviate from the decision reached by the Wisconsin federal district court.

Petitioner also contends that the State of Wisconsin cannot compel prisoners out of state pursuant to a contract with a private prison in Minnesota. However, Wisconsin law gives the Department of Corrections ("DOC") discretion to transfer prisoners at will, even to out-of-state private prisons. Wisconsin Stat. § 301.21(1m) authorizes the DOC to, "enter into one or more contracts with another state or political subdivision of another state for the transfer and confinement in that state of prisoners who have been committed to custody of the department." Wis. Stat. § 301.21(2m) similarly allows for the transfer of inmates out-of-state to private persons. Consequently, under state law, these places of confinement are within the normal range of places of confinement a Wisconsin prisoner may expect to serve his or her sentence with no liberty interest implicated. See also Sandin v. Connor, 515 U.S. 472, 486 (1995) (holding that the transfer of a prisoner from one prison to another, even if out-of-state and and to a private prison, does not present an "atypical and significant hardship in relation to the ordinary incidents of prison life" so as to implicate a liberty interest or due process concerns). These statutes indicate that while the prisoners are physically confined in an out-of-state location, they are still being held under the authority of Wisconsin, and are still Wisconsin prisoners.

Petitioner objects to his transfer pursuant to the contract between the Wisconsin Department of Correction and Corrections Corporation of America on the grounds that it violates extradition provisions. For the reasons earlier discussed, Petitioner's transfer does not implicate extradition law. Such contracts are allowed under Wisconsin law. Further, Petitioner has failed to furnish any authority that contradicts the case law holding that prisoners may be transferred to out-of-state private prisons without implicating a liberty interest. Under these circumstances, Petitioner is not entitled to immediate relief on this claim.

## III. RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Respondents' motion to dismiss Petitioner's application for writ of habeas corpus relief, [Docket Nos. 12 and 17], be **GRANTED**; and

2. Petitioner's motion for a temporary restraining order, [Docket No. 4], be **DENIED AS MOOT**; and

3. This action be **DISMISSED WITH PREJUDICE**.

DATED: February 9, 2001

E.S. SWEARINGEN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.